UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD GOLDFADEN,

        Plaintiff,                Case No. 2:24-cv-13010

v.                                      Honorable Susan K. DeClercq
                                          United States District Judge

ROBERT F. KENNEDY JR., in his
official capacity as Secretary of the U.S.
Department of Health and Human Services,
et al.,

        Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANTS' MOTION TO DISMISS (ECF No. 6)

On November 13, 2024, Plaintiff Howard Goldfaden sued the U.S. Secretary of Health and Human Services, as well as three private-corporation Defendants AdvanceMed Corporation, NCI Information Systems, Inc., and Empower AI ("private Defendants"), seeking a writ of mandamus against all Defendants and damages for fraud against the private Defendants. ECF No. 1. According to the complaint, the private Defendants, under a contract with the federal government, failed to comply with the Medicare Act and its regulations and procedures when it suspended Goldfaden's Medicare reimbursement payments and determined he had received more than $400,000 in overpayments from the government. *See id.*

Summonses were issued for both the private Defendants and the Government on November 14, 2024. ECF Nos. 2; 3.

On December 19, 2024, Counsel for the private Defendants appeared and the next day, this Court entered a stipulated order extending the deadline for the private Defendants to answer the complaint. ECF Nos. 4; 5. Then, consistent with that order, the private Defendants filed both a motion to dismiss, ECF No. 6, and an answer, ECF No. 7, on January 27, 2025. That motion is now pending before this Court and has been fully briefed. *See* ECF Nos. 15; 16.

Although the case against the private Defendants was underway, the case against the Government remained static. In February 2025, this Court entered an order requiring Goldfaden to show cause why his case against the Government should not be dismissed for untimely service. ECF No. 9. That order noted that more than 100 days had passed since the summons was issued, but Goldfaden had not filed proof of service on the United States Attorney or the Office of the Attorney General. *Id.* at PageID.188. That same day, Goldfaden filed a request for clerk's entry of default, ECF No. 11, which was denied for failure to comply with Local Rule 55.1, ECF No. 12.

Days later, Goldfaden responded to this Court's show-cause order, agreeing that service had not been correctly effectuated on the Secretary of Health and Human Services (who, at the time of filing the complaint, was Xavier Becerra). ECF No. 14.

Instead, Goldfaden noted, he would file a motion to amend his complaint to name the new Secretary, Robert F. Kennedy Jr. *Id.* at PageID.201. This Court entered a stipulated order on March 18, 2025, allowing Goldfaden to file an amended complaint. ECF No. 17.

On March 27, 2025, Goldfaden filed his amended complaint, naming Robert F. Kennedy as a defendant in his capacity as Secretary of Health and Human Services. ECF No. 18. Consistent with the stipulated order, ECF No. 17, the amended complaint changed only the name of the Secretary. *Compare* ECF No. 1 *with* ECF No. 18. Nonetheless, the private Defendants filed another answer to the amended complaint. ECF No. 21.

On April 14, 2025, Goldfaden filed a certificate of service, stating that he had served the Government on April 8, 2025, by serving the summons on "Civil Process of US District Court Eastern Michigan." ECF No. 20. About one month later, he filed a new certificate of service, which stated that he had completed service on May 8, 2025, by serving a legal assistant at the office of the United States Attorney. ECF No. 22. The latter service set a deadline for the Government to answer the amended complaint by July 7, 2025.

On July 2, 2025, the Government moved for an extension of time to file its answer, noting the extensive administrative record in this case. ECF No. 23. The same day, Goldfaden responded, opposing the request, ECF No. 24, and the

Government replied, ECF No. 25. This Court granted the motion for extension in a text-only order on July 11, 2025, setting the Government's deadline to answer for September 5, 2025.

With that background in mind, this Court returns to the pending motion to dismiss. At this time, this Court will deny the motion without prejudice and allow the private Defendants to file a new motion on the same timeline as the Government: on or before September 5, 2025. This Court does so for several reasons, as detailed below.

First, it is well established that "district courts have the inherent power to manage their own dockets." *Webster v. Spears*, 664 F. App's 535, 539 (6th Cir. 2016) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962)). Under that inherent power, this Court finds that denying the motion without prejudice would allow for a clearer and more efficient resolution of the arguments put forth in the motion. In particular, denying the motion and allowing the private Defendants to refile would allow this Court to consider any challenges as directed towards the *amended* complaint, which is now the operative pleading in this case.

Second, because the private Defendants' motion raises jurisdictional arguments that would, if correct, require dismissal of *all* Defendants, not just the private Defendants, it makes sense to wait until after the Government has appeared and filed its answer or any motions before resolving the motion.

Third, the briefing thus provided to the Court does not address several important legal issues, because of which this Court would have otherwise directed the Parties to file supplemental briefing absent this order. In particular, the Court identifies the following questions:

(1) None of the briefing addressing this Court's jurisdiction over Goldfaden's mandamus claim cites to any binding authority from the Sixth Circuit. Rather, the authority cited is entirely from other circuits, with no explanation as to why this Court should adopt those circuits' standards;

(2) It is unclear from the briefing whether Goldfaden alleges he ever received a response to his rebuttal statement from AdvanceMed, or whether he is merely alleging that the response was deficient;

(3) It is unclear from the briefing whether any process exists under the Medicare Act to ensure that rebuttal statements receive responses, and if so, whether there are any standards by which this Court could review the sufficiency of any response, if given;

(4) The briefing as to Goldfaden's fraud claim is almost entirely devoid of authority, and neither Party specifically addresses whether this Court has jurisdiction over the fraud claim regardless of whether it has jurisdiction over the mandamus claim.

***

The above concerns leave this Court with more questions than answers. So, in the interest in resolving issues on the merits, *Mann v. Mohr*, 802 F. App'x 871, 877 (6th Cir. 2020), and in the most efficient manner possible, this Court will deny the motion without prejudice at this time and permit the private Defendants to file a new motion on or before September 5, 2025. Further, discovery in this matter will be

- 6 -

stayed until that date, or until the resolution of any motion to dismiss filed by that date.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 6, is **DENIED WITHOUT PREJUDICE.** Defendant is granted leave to file a renewed Motion to Dismiss **on or before September 5, 2025**.

It is further **ORDERED** that discovery in this matter is **STAYED** until **September 5, 2025,** or until the resolution of any future motions to dismiss, whichever occurs later.

**This is not a final order and does not close the above-captioned case.**

                                          */s/Susan K. DeClercq*
                                          SUSAN K. DeCLERCQ
                                          United States District Judge

Dated: July 24, 2025